[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15291
Non-Argument Calendar

_____

D. C. Docket No. 06-20791-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORATIN PERTIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 17, 2009)

Before DUBINA, Chief Judge, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Oratin Pertil appeals his convictions and 235-month total sentence

for one count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h), and five counts of laundering monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. Pertil raises three issues on appeal.

First, Pertil argues that the district court erred in giving the jury instructions. He acknowledges that he requested the district court instruct the jury according to *United States v. Santos*, 553 U.S. ___, 128 S. Ct. 2020, 170 L. Ed. 2d 912 (2008), regarding the government's burden of proving that the transactions involved "profits" of an unlawful activity, but he maintains that he also objected to the additional instruction that under the money laundering statute "knowledge that the transaction involved profits of unlawful activity" could be proven through circumstantial evidence. Specifically, he contends that the court erred by giving this instruction because it was duplicated in another part of the instructions, and it relieved the government of its burden of proving that he knew the transaction involved profits of unlawful activity by creating an improper presumption and assuming facts not in evidence.

Second, Pertil argues that the district court erred in enhancing his offense level by six levels under U.S.S.G. § 2S1.1(b)(1), because there was insufficient evidence that he knew the laundered funds were derived from an unlawful activity. Third, Pertil argues that his 235-month sentence, which is nearly ten years higher

than the low-end of his original guideline range, was unreasonable because the district court failed to give a substantial justification for the extreme upward variance. After reviewing the record and reading the parties' briefs, we affirm Pertil's convictions and sentences.

I.

In order to preserve an objection to jury instructions, "a party must object before the jury retires, stating distinctly the specific grounds for the objection." *United States v. Starke*, 62 F.3d 1374, 1380-81 (11th Cir. 1995). Although we review preserved challenges to the district court's jury instructions *de novo* in order to determine whether they misstate the law or mislead the jury, the standard is deferential. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1283 (11th Cir. 2008), petition for cert. filed, 77 U.S. L.W. (U.S. Apr. 15, 2009) (No. 08-1287). We will not "nitpick the instructions for minor defects." *Id.* We examine the challenged instructions as part of the entire charge, in light of the allegations in the complaint, the evidence presented, and the arguments of counsel, to determine whether the jury was misled and whether the jury understood the issues. *Id.* We will only grant a new trial if we are "left with a substantial . . . doubt as to whether the jury was properly guided in its deliberations." *Id.* (internal quotation marks omitted).

When a party, rather than just remaining silent and not objecting, responds to the proposed instruction with words, "the instruction is acceptable to us," this constitutes invited error. *United States v. Fulford*, 267 F.3d 1241, 1246-1247 (11th Cir. 2001). A party who indicated in the district court that the instruction was acceptable to him waives the right to challenge the accepted instruction on appeal. *Id.* "It is well established in this Circuit that to invite error is to preclude review of that error on appeal." *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005).

As an initial matter, we note from the record that Pertil, at trial, stated that he "absolutely" agreed with the jury instructions with the exception of one line – that the knowledge element of the money laundering offense must be proven by circumstantial evidence. Under the invited error doctrine, we will not review Pertil's challenges to the instructions that he affirmatively accepted in the district court.

Pertil did preserve his objection to the instruction that knowledge may be proven by circumstantial evidence, and we will review this instruction *de novo*. *See Morgan*, 551 F.3d at 1283. Nevertheless, Pertil has not shown that this instruction misled the jury on the issues or law. First, Pertil challenges the instruction as being duplicated in Instruction No. 3. However, the district court in

Instruction No. 3 merely informed the jury that it should consider circumstantial evidence and defined what constitutes circumstantial evidence. The court did not specifically state that knowledge may be proven by circumstantial evidence. Second, even if the instruction was duplicative, this would be a minor defect, and does not leave us with "a substantial . . . doubt" that the jury was misled. *See id.* Finally, although Pertil challenges the instruction as relieving the government of its burden of proof, after reviewing the jury charge as a whole, we conclude that the instruction did not relieve the government of its burden because the judge stated throughout the charge that the burden of proof was on the government.

## II.

We review a district court's findings of fact for clear error and its application of the Sentencing Guidelines to the facts *de novo*. *United States v. Lozano*, 490 F.3d 1317, 1321 (11th Cir. 2007). We will remand for clear error only if "we are left with a definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (internal quotation marks omitted). Under U.S.S.G. § 2S1.1(b)(1), the district court should apply a six-level enhancement if U.S.S.G. § 2S1.1(a)(2) applies and the defendant knew or believed that the laundered funds were the proceeds of a controlled substance. *See* U.S.S.G. § 2S1.1(b)(1)(A), (B)(i).

5

Here, we conclude that the district court did not clearly err in finding that Pertil knew that the laundered funds were proceeds of illegal narcotics transactions because circumstantial evidence supports this finding. The trial testimony established that Pertil's brother-in-law, Laveaux Francois, transported cocaine to the United States and enlisted Pertil to collect money generated from the drug sales. Pertil was paid to deliver the money, delivered over $1 million to an undercover officer posing as a drug trafficker and money launderer, and called Francois after delivering the money. Further, Pertil's willingness to replace $8,000 missing from the laundered funds with his own money, and comments to a co-conspirator, Sara Barlatier, that people were killed over "this kind of money" suggested that he was aware the funds were drug proceeds. Deferring to the district court under the clear error standard, we affirm the district court's finding and the application of the enhancement. *See Crawford*, 407 F.3d at 1177.

### III.

We review a guideline sentence imposed by the district court for reasonableness. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). "Our review for reasonableness is deferential, and the party challenging the sentence has the burden of establishing unreasonableness." *Id.* Sentencing decisions are reviewed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, ___, 128

S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).  We first must ensure that the district court committed no procedural error, such as failing to consult the Sentencing Guidelines, failing to correctly calculate the guideline range, treating the guidelines as mandatory, failing to consider the appropriate § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence, including any deviations from the guideline range.  *Id.*  We must then review the substantive reasonableness of a sentence.  *Id.*  When conducting this review, we will take into account the "totality of the circumstances."  *Id.*  "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Id.*

The Supreme Court has rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." *Id.* at 595.  However, in applying a sentence outside a guideline range, the district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  *Id.* at 597.  "[A] major departure should be supported by a more significant justification than a minor one."  *Id.*  The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote

7

respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1)-(7).

In its consideration of the § 3553(a) factors, the district court does not need to discuss each factor explicitly. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*."[1] *Id.* "Review for reasonableness is deferential," and the relevant inquiry is "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *Id.* at 788. Further, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we "will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation marks omitted).

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

8

We have found it reasonable for a district court, in determining whether to apply an upward variance, to rely on certain aspects of the defendant's conduct that it already considered in imposing enhancements. *See id.* at 833-34. Additionally, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. We will remand for resentencing if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted).

We conclude from the record that Pertil's 235-month sentence, which is above the guideline range, was procedurally and substantively reasonable. The district court did not err by considering factors which had already been used to enhance Pertil's sentence. *See Amedeo*, 487 F.3d at 833-34. Regarding procedural reasonableness, the district court correctly calculated the guideline range, treated the guidelines as advisory, adequately considered the § 3553(a) factors, and explained its reasons for the sentence. *See Gall*, 552 U.S. at ___, 128 S. Ct. at 597. Moreover, the district court explicitly stated that it considered the § 3553(a)

9

factors, and found that the guideline range was not sufficient punishment based on the unique characteristics of Pertil and the nature of the offense. The court also considered the sentences of Pertil's co-conspirators, and determined that the co-conspirators were not similarly situated with Pertil because, unlike Pertil, they cooperated with the government.

As to the substantive reasonableness, Pertil's sentence achieves the purposes of sentencing under § 3553(a). *See Talley*, 431 F.3d at 788. Pertil laundered over $1 million of drug proceeds on five separate occasions. The district court explicitly discussed several facts that weighed in favor of the upward variance, including: (1) the nature and circumstances of the offense and Pertil's participation in the offense; (2) the need for the sentence to reflect the seriousness of the offense; and (3) the need for the sentence to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. The court's discussion clearly indicates that it determined the variance was justified by the severity of Pertil's crimes. *See Gall*, 552 U.S. at ___, 128 S. Ct. at 597. Further, Pertil failed to accept responsibility for his actions. Therefore, the record supports the district court's conclusion that the sentence was appropriate. For the above-stated reasons, we affirm Pertil's convictions and 235-month total sentence.

**AFFIRMED.**

10